# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 95-10697
Summary Calendar
_____


PAMELA BARRON SHELLEY, individually and
as next friend of Derrick Barron and Patrick Barron,

Plaintiff-Appellants,


VERSUS


CITY OF DALLAS, TEXAS,

Defendant-Appellee.


_____


ANGEL GABBERT and Thomas Gabbert,

Plaintiff-Appellants,


VERSUS


CITY OF DALLAS, TEXAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
3:93-CV-2293-H
_____

June 7, 1996

Before WISDOM, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

The plaintiffs appeal from summary judgment in favor of the City of Dallas (the City). They argue that the district court erred in granting summary judgment on their claims that there was a widespread pattern of sexual misconduct in the Dallas Police Department (the Department); that the Department was tolerant of the misconduct; and that the City was deliberately indifferent to the constitutional rights of women through its failure to review, evaluate, and modify its procedures to address the problem.[1] Finding no reversible error, we AFFIRM.

To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must establish that an official municipal policy or custom caused a constitutional violation.[2] The plaintiffs in the instant suit have not alleged that an unconstitutional policy existed; instead, they assert that the Department's policy towards sexual misconduct by its officers was inadequate to curtail the problem of sexual misconduct and was made with deliberate indifference to the possible unconstitutional consequences to women.[3]

---

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]     In this consolidated action, the plaintiffs seek damages from the City as compensation for the alleged sexual assaults perpetrated against them by officers of the Dallas Police Department, in separate incidents, when the officers stopped the plaintiffs for traffic violations. The officers in question had no prior, similar complaints in their file and the officers were dismissed by the Department as a result of its investigation of the plaintiffs' claims.

[2]     Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978).

[3]     See Gonzalez v. Ysleta Indep. Sch. Dist., 996 F.2d 745, 759 (5th Cir. 1993).

The plaintiffs failed to provide sufficient evidence in support of their assertions and, therefore, have not created a genuine issue of material fact. The only admissible evidence[4] suggesting that the City or Department was deliberately indifferent towards sexual misconduct is contained in the affidavit of the plaintiffs' expert witness, Dr. George Kirkham. His statements, however, do not reveal that the Department's "failure to adopt a precaution . . . [was] an intentional choice, [and] not merely an unintentionally negligent oversight".[5]

To prevail under the deliberate indifference standard, the plaintiffs must establish that it is obvious that the likely consequence of not adopting a policy will be the violation of constitutional rights.[6] Dr. Kirkham states only that the Department "violated standards of the law enforcement profession by failing to monitor and react appropriately to a clear and longstanding pattern of sexual misconduct on the part of [its] officers", never explaining the standards he deems appropriate or even enumerating the weaknesses in the Department's policies and response to this problem.[7] Competent summary judgment evidence must contain more that subjective opinions.[8] Furthermore, Dr. Kirkham developed his opinion only after considering the complaints of sexual misconduct alleged against the Department, which are outlined in the plaintiffs' chart. The district court deemed m ost of these complaints inadmissible because they were not sufficiently similar to or occurred after the incidents

---

[4]    The district court ruled that a chart prepared by the plaintiffs, which chronicles complaints of sexual misconduct in the Department from 1986 to 1993, is inadmissible because it was not properly authenticated or verified. Because the plaintiffs do not challenge this ruling, we will not reconsider it.

[5]    Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir. 1992).

[6]    Id.

[7]    See Benavides v. County of Wilson, 955 F.2d 968, 973 (5th Cir.), cert. denied, 506 U.S. 824 (1992).

[8]    Id.

in this case.[9] Accordingly, his affidavit can be taken only as evidence that the City or Department was deliberately indifferent in 1993, but reveals nothing about the time at which the incidents in the instant case occurred. As a result, we find that the plaintiffs failed to meet their burden of production and that the district court properly granted the City's motion for summary judgment.

AFFIRMED.

---

[9]   See Rodriguez v. Avita, 871 F.2d 552, 554 (5th Cir.), cert. denied, 493 U.S. 854 (1989); Jones v. City of Chicago, 787 F.2d 200, 207 n.8 (7th Cir. 1986).